UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 01-4546

EDWARD DEVON SINGLETARY,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-00-314)

Submitted: March 4, 2002

Decided: March 20, 2002

Before WIDENER and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

Danny T. Ferguson, Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert A.J. Lang, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Edward D. Singletary appeals his convictions and 300-month sentence imposed after he pled guilty to possession with intent to distribute 50.8 grams of crack cocaine, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2001), and possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). Singletary's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising as a potential claim the effectiveness of Singletary's first counsel but stating that, in his view, there are no meritorious grounds for appeal. Singletary has filed a pro se supplemental brief. We dismiss.

At the outset, we find that Singletary knowingly and voluntarily waived his right to appeal his convictions and sentence on any ground, except ineffective assistance of counsel, prosecutorial misconduct, a sentence in excess of the statutory maximum, or a sentence based upon an unconstitutional factor.* *See United States v. Brown*, 232 F.3d 399, 402-03 (4th Cir. 2000) (providing standard for reviewing enforceability of waiver of right to appeal). Singletary's ineffective assistance of counsel claim, therefore, is not barred by the waiver. However, we decline to review Singletary's claim that he was denied effective assistance of counsel because the face of the record does not conclusively show that counsel provided ineffective representation. *See United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C.A. § 2255 (West Supp. 2001)), *cert. denied*, 528 U.S. 1096 (2000).

---

*After reviewing the pro se supplemental brief, we conclude that the claims raised therein are barred by Singletary's knowing and voluntary waiver of his right to appeal. We therefore dismiss these claims on that basis.

As required by *Anders*, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we dismiss the appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*